# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2011

No. 11-30211
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA, on behalf of Farm Service Agency, formerly known as Farmers Home Administration,

Plaintiff-Appellee,

v.

ALVANIA DEXTER SCOTT; FRED WASHINGTON; OSBORN SCOTT, JR.; SANTANNA ANNETTE SMITH JOHNSON; GLENDA SCOTT WILSON WASHINGTON, also known as Glenda Wilson; MACK HENRY JOHNSON,

Defendants-Appellants.

Appeal from the United States District Court
for the Western District of Louisiana
USDC 1:10-CV-997

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

This appeal arises from the district court's grant of summary judgment to Plaintiff United States of America, representing the Farm Service Agency, for in rem rights to Defendants' property due to a defaulted mortgage. The district court found no dispute concerning the government's status as holder of a valid

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 11-30211

mortgage or the amount of payment in default.  On appeal, defendants argue that the disputed ownership of improvements to the property and the subsequent transfer of portions of the land render summary judgment improper.

We review the district court's order granting summary judgment *de novo*. *Morris v. Equifax Info. Servs, LLC,* 457 F.3d 460, 464 (5th Cir. 2006).  Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (a).

Defendants fail to raise any genuine dispute of material fact.  First, the alleged ownership of improvements on the mortgaged property is irrelevant to the government's in rem suit because any such owners would retain their property rights until ninety days after a written demand for removal.  *See* La. Civ. Code 493 (2003).  Second, Louisiana law allows a foreclosing mortgage creditor to ignore any post-recording transfers or encumbrances of the mortgaged property.  *See Dibert v. Marrero*, 117 F.3d 160, 175 (5th Cir. 1997).  Therefore, the district court properly granted the government's motion for summary judgment.

AFFIRMED.